UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
JOSEPH TROYER,                  :
                                :
                                :      NO. 1:11-CV-00045
        Plaintiff,              :
                                :
     v.                         :      OPINION & ORDER
                                :
I-FLOW CORPORATION,             :
                                :
        Defendant.              :
```

This matter is before the Court on Defendant's Motion to Dismiss Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action (doc. 4), Plaintiff's Response in Opposition(doc. 7) and Defendant's Reply (doc. 8).  For the following reasons, the Court DENIES Defendant's Motion to Dismiss (doc. 4).

**I.   Background**

In this diversity action, Plaintiff Joseph Troyer seeks damages for injuries allegedly caused by the use of a pump manufactured by Defendant I-Flow that dispensed pain medication into his knee joint after surgery on June 24, 2004 (doc. 1). Plaintiff alleges he developed chondrolysis, a rapid loss of cartilage and a narrowing of the joint space, as a result of the pump's continuous infusion of pain medication into his knee joint after the surgery.  Plaintiff alleges his condition will require him to undergo additional surgery, including a total knee replacement (Id.).  Plaintiff's Complaint includes claims for

defect in design, defect due to inadequate warning, failure to conform to representation, negligence, breach of express warranty, breach of implied warranties of merchantability and of fitness for a particular purpose, and punitive damages (Id.).

With respect to the breach of express and implied warranty claims, Defendant contends that it is precluded by Ohio's Product Liability Act ("OPLA").  Specifically, Defendant reads the breach of warranty claim as being a claim for the implied breach of warranty of merchantability and fitness for particular use, and OPLA, O.R.C. 2307.71 et seq., preempts any UCC-based claims for breach of implied warranty of merchantability or intended use (doc. 4, citing Barrett v. Waco Int'l, 123 Ohio App. 3d, 1 702 N.E.2d 1216, 1997 Ohio App. LEXIS 3680 (8th App. Dist. 1997)("Ohio product liability statutes preempt warranty claims concerning products which seek damages for bodily injury"); Luthman v. Minster Supply Co., 2008 Ohio 165, 2008 Ohio App. LEXIS 139 (3rd App. Dist. 2008) ("Product liability claims are subject to the provisions in R.C. 2307.71 to R.C. 2307.79")).

In response, Plaintiff notes that OPLA does not preclude common-law actions sounding in negligence for injuries that occurred prior to April 7, 2005 (doc. 7, citing, Carrell v. Allied Prods. Corp., 677 N.E.2d 795 (Ohio 1997)). Plaintiff contends that though an amendment was later passed abrogating common law claims including negligence, the amendment became effective April 7, 2005,

and did not apply retroactively (O.R.C. §2307.71(B); doc. 7, citing Wimbush v. Wyeth, 619 F.3d 632 (6th Cir. 2010) and Doty v. Fellhauer Elec., Inc., 888 N.E.2d 1138 (Ohio Ct. App. 2008)).

Furthermore, Plaintiff argues that his Complaint alleges each element of claim for failure to conform (doc. 7). Plaintiff contends he alleges representation of a material fact, nonconformance with that representation, justifiable reliance on the representation by the Plaintiff and his orthopedic surgeon, Dr. Baker, and that the reliance was a direct and proximate cause of Plaintiff's injuries (Id.). Plaintiff also notes strong similarities in his complaint to the complaints of other I-Flow cases that have come before the Court, each of which has survived in its entirety, even through summary judgment, up until the cases settled (Id., citing Clonch v. I-Flow Corp., 2010 U.S. Dist. LEXIS 121607 (S.D. Ohio 2010); Lefker v. I-Flow Corp., 2010 U.S. Dist. LEXIS 121624 (S.D. Ohio 2010)). Finally, Plaintiff argues that other federal courts have rejected arguments by pain pump defendants that the complaint must allege the exact language, location, and time of misrepresentation to comply with the pleading standard (Id., citing Ridings v. Stryker Sales Corp., 2010 U.S. Dist. LEXIS 126953 (D. Minn. 2010); Partridge v. Stryker Sales Corp., 2010 U.S. Dist. LEXIS 126758 (D. Minn. 2010); Strong v. Stryker Sales Corp., 2010 U.S. Dist. LEXIS 126749 (D. Minn. 2010)).

In reply, Defendant argues that the Wimbush and Doty

3

decisions are distinguishable from the current action. In Wimbush, the Defendant argues the holding narrowly allowed only the specific action in the case to continue because the Plaintiff in the case filed her complaint prior to the 2005 amendment (doc. 8, citing 619 F.3d 632). Similarly, Doty held that claims accruing prior to the amendment to OPLA were not subject to preclusion (Id., citing 888 N.E.2d 1138).

With respect to Plaintiffs' claim for punitive damages, Defendant moves to dismiss on the basis that the claim fails to meet the Iqbal/Twombly threshold (doc. 4, citing Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Specifically, Defendant contends that Ohio law holds that to recover punitive damages a plaintiff must establish that his injury was the result of misconduct that manifested a flagrant disregard of the safety of persons who might be harmed by the product in question, see O.R.C. 2307.80(c)(1), but that Plaintiff did not set forth any facts in his Complaint that would support a showing of "flagrant disregard" (doc. 8). Indeed, Defendant contends Plaintiff's complaint contains merely "conclusory and formulaic recitations" and that the only factual assertion Plaintiff makes in his complaint to support his claim for punitive damages is that Defendant had actual knowledge that the pump could cause injury, which, Defendant argues, is insufficient because the Court cannot plausibly infer "flagrant disregard" from that fact

4

(doc. 4).

In response, Plaintiff notes that the Court previously denied I-Flow's motion to dismiss as to punitive damages in <u>Clonch v. I-Flow Corp.</u>, and <u>Lefker v. I-Flow Corp.</u>, finding that a reasonable fact-finder could conclude that an award of punitive damages was justified under substantially similar circumstances (doc. 7). Here, Plaintiff contends that he has alleged that I-Flow had knowledge of the risk of chondrolysis, that it chose to withhold that information from the orthopedic community, that it refused to conduct safety testing or limit its marketing tactics, and that Defendant is on notice of Plaintiffs' ground for their claim to punitive damages "with enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]," which is what <u>Twombly</u> requires (<u>Id.</u>).

In reply, Defendant argues simply that the Plaintiff failed to plead any "specific express representation" made by I-Flow, or any factual showings that the Plaintiff actually relied on those representations (doc. 8). Regarding the punitive damages issue, Defendant contends that Plaintiff needed to have cited accurate information indicating that I-Flow had actual knowledge of chondrolysis (<u>Id.</u>). Defendant argues Plaintiff merely alleges that I-Flow knew of chondrolysis cases in its own pumps when the evidence only suggests I-Flow knew of chondrolysis developing after the use of pain pumps (not specifically theirs), and that such

5

allegation fails to comply with the "specificity requirements" of Iqbal and Twombly (Id.).

## II. The Applicable Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30, citing Robert G. Bone, *Twombly*, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible

6

when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id., citing Twombly, 550 U.S. at 557. As the Supreme Court explained,

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

**III. Discussion**

The Defendant raises three arguments in its Motion to Dismiss: 1) the breach of warranty claims are precluded by the OPLA, 2) the failure to conform claim is insufficiently pled, and 3) the punitive damages claim is not pled with sufficient particularity. The Court will address such arguments seriatum.

**A. Preclusion by the Ohio Products Liability Act**

Plaintiff alleges that his injury occurred after his surgery, on June 24, 2004, but that he did not learn that his chondrolysis was the result of using Defendant's pain pump until December 14, 2010. Defendant contends in its motion that Plaintiff's common law causes of action are precluded by the April 7, 2005 amendment to the Ohio Products Liability Act, Ohio Rev. Code § 2307.71(B), which abrogated all common law product liability claims or causes of action (doc. 8). In Defendant's view, because Plaintiff did not file his Complaint until after the 2005 amendment, his claims are precluded (Id.). Defendant argues

Plaintiff cannot assert that his cause of action arose in 2004 for purposes of preclusion when he simultaneously asserts that his cause of action arose in 2010 for purposes of the statute of limitations (Id. citing Wimbush v. Wyeth, 619 F.3d 632, 639 (6th Cir. 2010), Doty v. Fellhauer Elec., Inc., 888 N.E. 2d 1138, 1142 (Ohio Ct. App. 2008)).

The Court rejects Defendant's theory and its narrow readings of Wimbush and Doty. Defendant is conflating the statute of limitations and the effective date of OPLA's abrogation of common law claims. Ultimately the issue is whether the initial injury took place before the amendment to the OPLA on April 7, 2005, and it did. The fact that Plaintiff did not discover his injury until 2010, brings his Complaint within the statute of limitations.

**B. Sufficiency of the Pleading**

Plaintiff alleges Defendant's pump failed to conform to the representation made by the Defendant. The Complaint reads in relevant part:

> By intentionally promoting and knowingly selling the ON-Q® PainBuster for use in infusing local anesthetics into the shoulder following surgery, I-Flow impliedly warranted to the Plaintiff Joseph Troyer that the ON-Q® PainBuster, together with the instructions and materials explaining its selection, installation and use, was fit and had been proven safe and effective for the particular purpose for which it was provided to Plaintiff Joseph Troyer" (doc. 1).

The Complaint does not contain the exact language of a

representation alleged to have been made by Defendant, but it does set forth facts from which the Court may plausibly infer that a representation was made and that the pump did not conform to that representation, which is all that is required by Ohio Rev. Code §2307.77 at the pleading stage. See Ohio Rev. Code §2307.77 ("A product is defective if it did not conform, when it left the control of its manufacturer, to a representation made by that manufacturer.").

**C. Punitive Damages**

Regarding Plaintiff's punitive damages claim, the Court is unmoved by Defendant's arguments that Plaintiff attempted to impose a duty to test the safety of its products based on the Medical Device Act. See 21 U.S.C. §360(k). Though there is no duty to test listed in the Medical Device Act, the Defendant misconstrues Plaintiff's argument. Instead, Plaintiff asserts that the Defendant failed to warn against placing the catheter tip of the pump in the intra-articular space of the joint and actively marketed it and instructed physicians for such use despite having conducted no safety tests or clinical trials to determine the safety of the device (doc. 1). In addition, the Complaint alleges that Defendant did this with actual knowledge of studies and reports discussing the risk of chondrolysis from prolonged exposure of the cartilage to the pain medication dispensed by the pump and with actual knowledge that the Food and Drug Administration had

decided not to clear the pump for such use (Id.).

Defendant asserts that Plaintiff needed to have set forth "with the specificity required by Iqbal and Twombly" the dates and names of the studies and reports. Defendant is wrong. The majority in Twombly stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. Defendant's assertion is incorrect that Plaintiff's punitive damages claim must fail for lack of specific express representation and reliance on the express representation by Plaintiff in regards to the use of the pain pump. Evidentiary support such as that demanded by Defendant is simply not necessary at this stage in the proceedings, and the Court does not read Iqbal and Twombly to impose such requirement.

The Complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal 129 S.Ct. at 1949, citing Twombly 550 U.S. at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly 550 U.S. at 555. Here, Plaintiff's claim for punitive damages goes well beyond a "defendant-unlawfully-harmed-me accusation." The Complaint alleges that Defendant failed to conduct safety tests or clinical trials, that Defendant knew the FDA had repeatedly failed to clear

11

the pump for the very use Defendant then marketed and sold the pump for, and that Defendant was aware of the connection between chondrolysis and the use of the pump.  These are all clearly factual allegations, not, as Defendant claims, "conclusory and formulaic recitations."  And they are factual allegations from which the Court can very plausibly infer that Defendant exhibited a "flagrant disregard" for the safety of those using Defendant's pump.

In short, the Complaint here provides sufficient notice to Defendant of the nature of Plaintiff's claims.  See, e.g., Erickson v. Pardus, 551 U.S. 89, 93 (2007), citing Twombly 550 U.S. at 555 (plaintiff's statement must "give the defendant fair notice of what the...claim is and the grounds upon which it rests."). The federal rules still provide for notice pleading, not fact pleading, and Iqbal and Twombly did not rewrite the rules.  What Iqbal and Twombly do require is that plaintiff provides factual allegations from which a court may plausibly infer a cause of action.  Where Conley v. Gibson, 355 U.S. 41 (1957) allowed for a wider no-set-of-facts possibility standard, Iqbal and Twombly slightly narrowed the field to complaints that set forth plausible, not merely possible, claims.  This is a difference in degree not kind, and Plaintiff's complaint satisfies the standard.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES Defendant's

Motion to Dismiss (doc. 4).

    SO ORDERED.

Dated: June 23, 2011                <u>/s/ S. Arthur Spiegel</u>
                                       S. Arthur Spiegel
                                       United States Senior District Judge